**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**Greenbelt Division**

| | |
|---|---|
| **YONG JOUNG** <br> **SOO JOUNG** <br><br> Plaintiffs, <br><br> v. <br><br> **NCO FINANCIAL SYSTEMS, INC.** <br> **ANDREW OKER** <br> **JOHN DOE** <br> Defendants | Case No. <br><br> COMPLAINT AND JURY DEMAND SEEKING DAMAGES PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES |

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises from the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and that of their agents, in their illegal efforts to collect a consumer debt involving the Plaintiffs second mortgage deficiency resulting from a short sale.

3. Venue is proper, as this is the District/Jurisdiction in which all alleged acts and transactions occurred, where the Plaintiff resides here, and where the Defendants have transacted business.

**PARTIES**

4. Plaintiffs Mr. Yong Joung and Mrs. Soo Joung are a married couple who resides in the Montgomery County, Maryland, who were affected by violations of the FDCPA with standing to bring this claim under 15 U.S.C. §§ 1692k(a).

5. Defendant NCO Financial Systems, Inc. (hereinafter "Defendant NCO") is a collection agency whose principal place of business is located at NCO Financial Systems, Inc. 507 Prudential Road, Horsham, PA 19044, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

**COMPLAINT SEEKING DAMAGES UNDER FAIR DEBT COLLECTION PRACTICES ACT**

6. Defendant Andre Oker (hereinafter "Defendant Oker") is a natural person who was employed at all times relevant herein by Defendant NCO as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant John Doe (hereinafter "Defendant Doe") is a natural person who was employed at all times relevant herein by Defendant NCO as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. In or around July of 2009, Plaintiffs closed on a short sale for their real estate. Bank of America, the alleged noteholder, pursued a deficiency judgment against Mr. Joung for the unsatisfied mortgage note. This is a personal a "debt" as defined by 15 U.S.C. § 1692a(5);

9. By virtue of this debt, Plaintiffs are consumers as defined by 15 U.S.C. § 1692a(3);

10. Sometime thereafter, the debt for the was consigned, placed or otherwise transferred to Sunrise Credit Services, Inc., and then to Defendant NCO for collection from Plaintiffs.

11. When Defendant NCO's collectors initially called, Plaintiff Soo Joung would answer the phone.

12. During these calls Mr. Joung would explain that he does not speak English very well so he did not completely understand what the collector was saying.

13. From what he could understand, he deducted that these were collection calls and told the collector that he had no money.

14. Eventually, Mr. Joung stopped answering these calls and hired a negotiator to settle this debt.

15. When this negotiator attempted to discuss the debt with Defendant NCO, the person he spoke with would curse him out and refuse to speak with him.

16. Afterwards Mr. Joung would refuse to pick up the phone whenever he saw an unknown number.

17. A review of Mr. Joung's phone records indicate that some of these calls were before 8:00am and after 9:00pm, in violation of § 1692c(a)(1).

18. Eventually, Mrs. Joung decided to take action and called Defendant NCO directly to stop the harassment.

19. Mrs. Joung was in continual contact with Defendant Oker during this time to negotiate the debt.

20. At other times, Defendant Oker would put his so-called "supervisor" John Doe on the line.

21. On or about June 17, 2011, Mrs. Joung was contacted by John Doe to make a payment.

22. John Doe asked Mrs. Joung to give her checking account information.

23. Mrs. Joung did not feel comfortable giving out this information so she refused.

**COMPLAINT SEEKING DAMAGES UNDER FAIR DEBT COLLECTION PRACTICES ACT**

**PAGE 2 OF 6**

24. Mrs. Joung also explained that it was unfeasible because she was in the car and it would take her one and a half hours to get to her house to retrieve her checkbook.

25. John Doe continued to push her to pay by questioned Mrs. Joung's honesty and priorities.

26. Mrs. Joung then asked why Defendant Doe was yelling at her and that this was harassment. She then proceeded to hang up.

27. All of the above-described collection communications made to Plaintiff by Defendants NCO, Oker, and Doe, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(1), 1692d, 1692d(2), 1692d(5), 1692e, 1692e(10) and 1692f, amongst others.

### *Legal Application*

28. All of the above-described collection communications made to Plaintiff by each individual Defendant and other collection employees employed by Defendant NCO, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

29. The above-detailed conduct by these Defendants of harassing Plaintiffs in an effort to collect this debt were violations of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

30. Due to these series of abusive collection calls by Defendant NCO and its employees, Plaintiffs have suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, frustration, humiliation, embarrassment, amongst other negative emotions.

31. Defendants' illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of the Plaintiffs and caused them unnecessary personal strain in their marriage.

### *Respondeat Superior Liability*

32. The acts and omissions of Defendants Oker and Doe who communicated with Plaintiffs as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant NCO.

33. The acts and omissions by Defendants Doe and Oker were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant NCO in collecting consumer debts.

34. By committing these acts and omissions against Plaintiff, Defendant Ramage was motivated to benefit his principal, Defendant NCO.
35. Defendant NCO is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt from Plaintiff's son.

## COUNT I: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
37. The foregoing acts and omissions of each Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.
38. As a result of each Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

   WHEREFORE, Plaintiff prays that judgment be entered against each Defendant:
   a) for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiff;
   b) for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiff;
   c) for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff;

## COUNT II. INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

40. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

41. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

15 U.S.C. § 1692(a).

42. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a).

43. Defendants intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt that he apparently did not owe and thereby invaded Plaintiff's privacy.

44. Defendants and their agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiffs' rights to privacy.

45. Plaintiffs had a reasonable expectation of privacy in their solitude, seclusion, private concerns or affairs, and private financial information.

46. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiffs, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

47. As a result of such intrusions and invasions of privacy, Plaintiffs are entitled to actual damages in an amount to be determined at trial from each and every Defendant.

WHEREFORE, Plaintiffs pray that judgment be entered against each Defendant:

a) For an award of actual damages from each Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff;

b) For an award of reasonable attorney's fees and costs; and

c) For such other and further relief as this Court deems just and proper.

**TRIAL BY JURY**

46. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

Respectfully submitted this 28th day of July, 2011

YONG JOUNG & SOO JOUNG


By:
/s/
Robinson S. Rowe, Bar No. 27752
Attorney for the Plaintiff
Rowe Barnett, PLLC
5906 Hubbard Dr., Suite 4-A
Rockville, MD 20852
TEL: 301-770-4710 / FAX: 301-770-4711
rrowe@rowepllc.com

**COMPLAINT SEEKING DAMAGES UNDER FAIR DEBT COLLECTION PRACTICES ACT**

**PAGE 6 OF 6**