IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
GREENBELT DIVISION

| | | |
|---|---|---|
| YONG JOUNG | ) | |
| SOO JOUNG | ) | |
| | ) | Civil Action No.: 8:11-cv-02071-AW |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NCO FINANCIAL SYSTEMS, INC. | ) | |
| ANDREW OKER | ) | |
| JOHN DOE | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT NCO FINANCIAL SYSTEMS, INC.'S
## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COMES defendant, NCO Financial Systems, Inc., ("NCO"), by and through undersigned counsel, and for its Answer to plaintiffs' Complaint, states as follows:

### JURISDICTION

1.     NCO admits the allegations in ¶ 1 for jurisdictional purposes but denies any and all liability, violations and/or damages.

2.     NCO admits that plaintiffs bring this action for alleged violations of Fair Debt Collection Practices Act, (FDCPA), 15 U.S.C. § 1692, *et seq.*, but denies any and all liability, violations and/or damages.

3.     NCO admits the allegations in ¶ 3 for venue purposes, but denies any and all liability, violations and/or damages.

## PARTIES

4.      NCO denies the allegations in ¶ 4 for lack of knowledge or information sufficient to form a belief therein.

5.      NCO admits that it engages in the business of debt collection with its principal place of business located at the address listed.  NCO further admits that when it acts as a debt collector as defined by 15 U.S.C. § 1692a(6), its debt collection activities may be regulated by certain provisions of the FDCPA.  Except as specifically admitted, NCO denies the allegations contained in ¶ 5.

6.      NCO denies the allegations in ¶ 6 for lack of knowledge or information to sufficient to form a belief therein.

7.      NCO denies the allegations in ¶ 7 for lack of knowledge or information sufficient to form a belief therein.

## FACTUAL ALLEGATIONS

8.      NCO denies the allegations in ¶ 8 for lack of knowledge or information sufficient to form a belief therein and as calling for a legal conclusion.

9.      NCO denies the allegations in ¶ 9 for lack of knowledge or information sufficient to form a belief therein and as calling for a legal conclusion.

10.      NCO admits Bank of America placed an account in the name of Yong Joung with NCO for collection on September 3, 2010.  Except as specifically admitted, NCO denies the allegations in ¶ 10.

11.      NCO denies the allegations in ¶ 11 for lack of knowledge or information sufficient to form a belief therein.

12.    NCO denies the allegations in ¶ 12 for lack of knowledge or information sufficient to form a belief therein.

13.    NCO denies the allegations in ¶ 13 for lack of knowledge or information sufficient to form a belief therein.

14.    NCO denies the allegations in ¶ 14 for lack of knowledge or information sufficient to form a belief therein.

15.    NCO denies the allegations in ¶ 15.

16.    NCO denies the allegations in ¶ 16 for lack of knowledge or information sufficient to form a belief therein.

17.    NCO denies the allegations in ¶ 17.

18.    NCO denies the allegations in ¶ 18.

19.    NCO admits that a person who identified herself as Soo Joung attempted to settle the account with NCO.   Except as specifically admitted, NCO denies the allegations in ¶ 19.

20.    NCO denies the allegations in ¶ 20.

21.    NCO denies the allegations in ¶ 21 for lack of knowledge or information sufficient to form a belief therein.

22.    NCO denies the allegations in ¶ 22 for lack of knowledge or information sufficient to form a belief therein.

23.    NCO denies the allegations in ¶ 23 for lack of knowledge or information sufficient to form a belief therein.

24.     NCO denies the allegations in ¶ 24 for lack of knowledge or information sufficient to form a belief therein.

25.     NCO denies the allegations in ¶ 25.

26.     NCO denies the allegations in ¶ 26.

27.     NCO denies the allegations in ¶ 27.

**Legal Application**

28.     NCO denies the allegations in ¶ 28.

29.     NCO denies the allegations in ¶ 29.

30.     NCO denies the allegations in ¶ 30.

31.     NCO denies the allegations in ¶ 31.

**Respondeat Superior Liability**

32.     NCO denies the allegations in ¶ 32 for lack of knowledge or information sufficient to form a belief therein and as calling for a legal conclusion.

33.     NCO denies the allegations in ¶ 33 for lack of knowledge or information sufficient to form a belief therein.

34.     NCO denies the allegations in ¶ 34 for lack of knowledge or information sufficient to form a belief therein.

35.     NCO denies the allegations in ¶ 35 for lack of knowledge or information sufficient to form a belief therein and as calling for a legal conclusion.

## COUNT I: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C.  1692 *et seq.*

36.     In response to ¶ 36, NCO hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

37.     NCO denies the allegations in ¶ 37.

38.     NCO denies the allegations in ¶ 38.

In the paragraph beginning with WHEREFORE under Count I, NCO denies that plaintiffs are entitled to the relief sought.

## COUNT II: INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY

## REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

40.     In response to ¶ 40, NCO hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

41.     The FDCPA speaks for itself and is the best evidence of its contents.  To the extent that plaintiffs state otherwise, NCO denies the allegations in ¶ 41.

42.     The Gramm Leech Bliley Act speaks for itself and is the best evidence of its contents.  To the extent that plaintiffs state otherwise, NCO denies the allegations in ¶ 42.

43.     NCO denies the allegations in ¶ 43.

44.     NCO denies the allegations in ¶ 44.

45.     NCO denies the allegations in ¶ 45 for lack of knowledge or information sufficient to form a belief therein.

46.     NCO denies the allegations in ¶ 46.

47.     NCO denies the allegations in ¶ 47.

In the paragraph beginning with WHEREFORE under Count II, NCO denies that plaintiffs are entitled to the relief sought.

## TRIAL BY JURY

46[sic].   The allegations are not directed towards NCO and do not require an affirmative response.   To the extent that an affirmative response is required, NCO denies the allegations in ¶ 46[sic]..

AND NOW, in further Answer to the Complaint, Defendant NCO Financial Systems, Inc., avers as follows:

## FIRST AFFIRMATIVE DEFENSE

One or more of the counts/causes of action in plaintiffs' Complaint fails to state a claim against NCO upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

To the extent a violation(s) is established, any such violation(s) was not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## THIRD AFFIRMATIVE DEFENSE

Any harm suffered by plaintiffs was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of NCO, or for whom NCO is not responsible or liable.

## FOURTH AFFIRMATIVE DEFENSE

Assuming that plaintiffs suffered any damages, plaintiffs have failed to mitigate

6

their damages or take other reasonable steps to avoid or reduce their damages.

WHEREFORE, Defendant NCO Financial Systems, Inc., requests the Court dismiss this action with prejudice and grant it all further and necessary relief the Court deems appropriate.

Respectfully Submitted,

/s/   Erin O. Millar
Erin O. Millar (Bar No. 28325)
Whiteford, Taylor & Preston, L.L.P.
7 St. Paul Street
Baltimore, MD  21202-1636
Telephone (410)-659-6424
Facsimile  (410)-234-2377
Email: emillar@wtplaw.com

**Attorneys for Defendant,**
**NCO Financial Systems, Inc.**

\\sfnfs02\prolawdocs\6947\6947-28012\Joung, Yong & Soo\533841.doc

## CERTIFICATE OF SERVICE

I certify that on this 1st day of September, 2011, a copy of the foregoing Defendant NCO Financial Systems, Inc.'s Answer and Affirmative Defenses to Plaintiff's Complaint was filed electronically in the ECF system.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel as described below.  Parties may access this filing through the Court's system.

> Robinson S. Rowe
> Rowe Barnett, PLLC
> 5906 Hubbard Drive
> Suite 4A
> Rockville, Maryland 20852
>
> **_Attorney for Plaintiff_**

> /s/   Erin O. Millar
> Erin O. Millar